IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

KAREN S. BERGHAUSER and, )
DAVID A. BERGHAUSER, )
                     )
          Plaintiffs, )
                     )     Case No. 25-cv-280-DES
v. )
                     )
FEDERAL EXPRESS CORPORATION, et. al, )
                     )
          Defendants. )

**OPINION AND ORDER**

This matter comes before the Court on Plaintiffs, Karen and David Berghauser's, ("Plaintiffs") Motion to Remand Case to the District Court of Bryan County, Oklahoma (Docket No. 9). On August 11, 2025, Defendant, Federal Express Corporation ("FedEx") filed a Notice of Removal from Bryan County District Court based on 28 U.S.C. § 1332, diversity jurisdiction. (Docket No. 2). Plaintiffs now seek to have the case remanded to state court for lack of diversity jurisdiction. For the reasons set forth below, Plaintiffs' Motion to Remand is GRANTED.

**I.    Background**

On July 12, 2023, Plaintiffs were driving when a FedEx van driven by Defendant Addison P. Raley ("Defendant Raley"), t-boned the Plaintiffs' vehicle on the driver's side doors. (Docket No. 2-1 at 3-5). This litigation stems from that collision. Plaintiffs allege that as a result of the collision, they sustained severe injuries that required Mrs. Berghauser to receive pain management from Chris D. Morgan, M.D. ("Dr. Morgan"). *Id.* at 6. Plaintiffs allege Dr. Morgan performed a cervical epidural injection on Mrs. Berghauser that resulted in severe pain and complete numbness in her hand and arm. *Id.* at 6-7. Plaintiffs allege Dr. Morgan's actions and omissions arise out of a series of transactions or occurrences with common questions of fact and law with Plaintiffs' claims

1

against Defendants FedEx and Raley. *Id.* at 7. Accordingly, Plaintiffs allege their total damages resulting from the collision with the FedEx van include the damages caused by Dr. Morgan's professional negligence. *Id.*

On August 11, 2025, FedEx filed its Notice of Removal, claiming that Plaintiffs fraudulently joined Dr. Morgan to defeat diversity jurisdiction and that Plaintiffs stated no cause of action against Dr. Morgan in their complaint. (Docket No. 2 at 3). Plaintiffs now move to remand this case to state court, asserting there is no diversity jurisdiction. (Docket No. 9).

## II.     Analysis

Federal courts are courts of limited jurisdiction, with subject matter jurisdiction only over matters authorized by the U.S. Constitution or by Congress. *See* U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1332(a), diversity jurisdiction generally requires complete diversity of parties (where claims are between citizens of different states) and an amount in controversy that "exceeds the sum or value of $75,000, exclusive of interest and costs." *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). "It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-1095 (10th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941); *United States ex rel. King v. Hillcrest Health Ctr.*, 264 F.3d 1271, 1280 (10th Cir. 2001)). "With respect to the consideration of evidence, a removing defendant who pleads fraudulent joinder must support [its] claim with clear and convincing evidence." *Castens v. Conseco Life Ins. Co.*, 2012 WL 610001, at *2 (N.D. Okla. Feb. 24, 2012) (citing *Mitchell v. Ford Motor Co.*, 2005 WL 1567069, at *3 (W.D. Okla. July 5, 2005)). A defendant's "right of removal cannot be defeated by a fraudulent joinder of a

resident defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).

"To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Miller v. Jackson*, 2016 WL 1464558, at * 1 (E.D. Okla. April 4, 2016) (quoting *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (citation and internal brackets omitted)). FedEx asserts Dr. Morgan was fraudulently joined under the second prong. (Docket No. 2 at 3-4).  In *Montano v. Allstate Indemnity*, the court held that the party alleging fraudulent joinder must prove the plaintiff "ha[s] no possibility of recovery" against the nondiverse defendant. 2000 WL 525592, at *4 (10th Cir. Apr. 14, 2000) (emphasis added). The *Montano* court explained that:

> This standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action commenced. "A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction."

*Id.* at *5–6 (citation omitted) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851–53 (3d Cir. 1992)). Any uncertainty regarding the viability of the claims asserted against the nondiverse party—including "disputed questions of fact" and "ambiguities in the controlling law"—must be resolved in favor of remand. *Montano*, 2000 WL 525592, at *2 (internal quotation marks omitted); *accord Dutcher*, 733 F.3d at 988 (discussing the removing party's "heavy burden").

When a defendant raises specific allegations of fraudulent joinder, the Court may pierce the pleadings to evaluate the defendant's argument. *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F. 2d 879, 881-82 (10th Cir. 1967); *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). However, "[t]his does not mean that the federal court will pre-try, as a matter of course,

doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." *Smoot*, 378 F.2d at 882; *Miller*, 2016 WL 1464558, at * 1.

Here, Plaintiffs argue they have stated a valid claim of professional negligence against Dr. Morgan under Oklahoma's liberal pleading standard, Okla. Stat. tit. 12, § 2008. (Docket No. 9 at 2). Furthermore, Plaintiffs argue "Oklahoma law expressly recognizes liability for negligent medical treatment following an initial injury, whether as foreseeable aggravation or as an independent intervening  cause." *Id.* (citing *Carmichael v. Beller*, 914 P.2d 1051 (Okla. 1996*); Atherton v. Devine*, 602 P.2d 634 (Okla. 1979)). In its response, FedEx notes, "it was unclear whether an allegation was actually being lodged against the Doctor" (Docket No. 11 at 2), but acknowledges that if the Court finds Plaintiffs have pled professional negligence against Dr. Morgan, remand is appropriate. *Id.* at 3.

The Court views Plaintiffs' claims against Dr. Morgan as necessary in providing complete relief to them for the injuries they sustained as a result of the motor vehicle accident. Plaintiffs have sufficiently alleged that complete relief cannot be accorded among the parties in the absence of Dr. Morgan. (Docket No. 2-1 at 7). While Plaintiffs' Petition is not as detailed as it should be regarding their professional negligence claims, there is no evidence that Plaintiffs cannot establish a cause of action against Dr. Morgan as required to establish fraudulent joinder. *Dutcher,* 733 F.3d at 988. Furthermore, FedEx has failed to show that Plaintiffs "have no possibility of recovery" against Dr. Morgan. *Montano*, 2000 WL 525592, at *4. Accordingly, Plaintiffs' Motion to Remand is GRANTED.

4

### III.    Conclusion

In sum, FedEx has not met its heavy burden of establishing that Dr. Morgan was fraudulently joined for the purpose of defeating diversity jurisdiction. Although Plaintiffs' Petition could have pled the professional negligence allegations with greater specificity, it sufficiently alleges a viable claim under Oklahoma's liberal pleading standards, and Oklahoma law recognizes the potential liability of a treating physician for aggravation of injuries resulting from an initial tortious act. At a minimum, FedEx has failed to demonstrate that Plaintiffs have no possibility of recovering against Dr. Morgan. Because all doubts regarding fraudulent joinder and subject matter jurisdiction must be resolved in favor of remand, complete diversity is lacking, and this case will be remanded back to the District Court of Bryan County, Oklahoma. Accordingly, Plaintiffs' Motion to Remand (Docket No. 9) is GRANTED.

DATED this 6th day of July, 2026.

_____
D. Edward Snow
United States Magistrate Judge